UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 22-159-DLB**

**DOMINIQUE JOHNSON**                                                                               **PLAINTIFF**

**v.**                     **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA, et al.**                             **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Dominique Johnson is a federal prisoner who was previously confined at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Johnson recently filed a complaint with this Court. (Doc. # 1). In that pleading, Johnson asserts numerous civil rights claims against multiple federal public officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), as well as a Federal Tort Claims Act (FTCA) claim against the United States of America. (*See id.*). Johnson also filed a corresponding motion for a preliminary injunction (Doc. # 3) and a motion for leave to proceed *in forma pauperis* (Doc. # 4).

The Court has conducted an initial screening of Johnson's complaint pursuant to 28 U.S.C. § 1915A and will dismiss his claims. For starters, Johnson's various civil rights claims—which he lodges against several prison employees—are simply time barred. Although Congress has not formally articulated a statute of limitations period for *Bivens* claims, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). Since the conduct

1

giving rise to Johnson's claims allegedly occurred here in Kentucky, at USP – McCreary, Kentucky's one-year statute of limitations for personal injury claims applies. *See* Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one-year statute of limitations under Kentucky law."). Johnson, therefore, was required to bring his *Bivens* claims within one year. *See Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015).

Johnson, however, complains of conduct that allegedly occurred at USP – McCreary in and around August of 2020, and, yet, he did not file this present civil action until two years later, in August of 2022. (*See* Docs. # 1 and 1-1). Although the one-year limitations period would have been tolled while Johnson exhausted his administrative remedies under the Federal Bureau of Prison's (BOP's) Inmate Grievance Program. *see Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), Johnson indicates in his complaint that he "brought these violations of law to each level" of that program and ultimately completed the administrative grievance process by September of 2020 (Doc. # 1 at 5). Thus, even accounting for that brief exhaustion period, it is plainly apparent that Johnson's complaint was filed well past the applicable deadline.[1]  Therefore, the Court will dismiss Johnson's civil rights claims as untimely.

That leaves Johnson's FTCA claim against the United States. However, the Court will also dismiss that claim, albeit without prejudice. That is because the basis for Johnson's claim is simply not clear, and, thus, as currently drafted, his pleading is legally deficient.

---

[1] In fact, Johnson filed his complaint with this Court more than a year and a half after he was transferred to a different federal prison. (*See* Doc. # 1-1 at 9 (acknowledging that he has been at the USP in Pollock, Louisiana since March of 2021)).

To be sure, the Court understands that Johnson objects to the way that a specific correctional officer treated him and his fellow inmates while he was confined at USP – McCreary, claims he raised his concerns with certain supervisory officials at the prison, and suggests other prison employees then retaliated against him by, among other things, confiscating and/or destroying some of his personal property, including certain pictures, books, and food.  (*See* Doc. # 1-1 at 3-10).  But it is not clear whether these allegations actually form the foundation of Johnson's FTCA claim; after all, later in Johnson's complaint, he repeatedly indicates that his FTCA claim is in fact based on the alleged conduct of all of the federal officials named in his complaint—conduct which he says, over and over, "constitute[s] assault, torture, domestic abuse, abuse of process, misrepresentation of federal documents, false imprisonment, false arrest, interference with contract rights, destruction of property, civil conspiracy, [and] obstruction of justice." (*Id.* at 10-13).  In other words, Johnson's complaint is exceedingly confusing, and it certainly does not contain "a short and plain statement" of his FTCA claim showing that he is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).

In light of the foregoing analysis, the Court will dismiss Johnson's various civil rights claims against the individual defendants with prejudice and dismiss his FTCA claim against the United States without prejudice.  The latter, without-prejudice dismissal means that Johnson can file a new civil action against the United States regarding his FTCA claim if he so chooses.  However, if Johnson does choose to file that new civil action, he must once again use a Court-approved complaint form, and he must more clearly articulate the basis for his claim.  Along those lines, Johnson may wish to attach the SF-95 Form that he filed with the BOP, along with the BOP's response that he claims he

3

received in August of 2022.  (*See* Doc. # 1-1 at 1).  Johnson must also pay the applicable filing and administrative fees or once again move for leave to proceed *in forma pauperis*.

Accordingly, it is **ORDERED** that:

(1) Johnson's various civil rights claims against the individual defendants (Doc. # 1) are **DISMISSED with prejudice**;

(2) Johnson's FTCA claim against the United States (Doc. # 1) is **DISMISSED without prejudice**;

(3) If Johnson wishes to file a new civil action against the United States regarding his FTCA claim, he must comply with the instructions set forth above;

(4) Any and all pending motions in this case are **DENIED** as moot;

(5) This specific civil action is **STRICKEN** from the Court's docket; and

(6) The Court will enter a corresponding Judgment.

This 5th day of September, 2022.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\PSO Orders\6-22-159 Order.docx